# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
### Criminal Action No.: 5:03CR4-3-V

| | |
|---|---|
| **JORGE GONZALEZ-JAIME**, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Petitioner's "Motion for Appointment of Counsel" and "Motion for the Production of Sentencing Hearing and Plea Hearing Transcripts, and Copy of Plea Agreement."

On May 23, 2003, Petitioner appeared in a Rule 11 Proceeding before a Federal Magistrate Judge and entered a plea of guilty, which was accepted by the Magistrate Judge, for one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, two counts of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841, and one count of aiding and abetting the possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. On September 2, 2003, pursuant to the government's motion for downward departrure for Petitioner's substantial assistance, this Court sentenced Petitioner to be imprisoned for a term of 240 months. On April 22, 2004, the United States Court of Appeals for the Fourth Circuit, by unpublished opinion, affirmed Petitioner's conviction and sentence, United States v. Gonzalez-Jaimes, 2004 WL 692873 (4th Cir. 2004).

Subsequent to the Fourth Circuit's affirming Petitioner's sentence and conviction, Petitioner

filed on November 8, 2004, a "Motion for Appointment of Counsel" and "Motion to Request the Production of Papers Pertaining to the Case" (Documents # 444, 445). In its December 20, 2004 order, the court notified Petitioner that because he had already been sentenced and directly appealed his conviction and sentence to the Court of Appeals for the Fourth Circuit, his motions appeared to be collaterally attacking his sentence and therefore were essentially motions pursuant to 28 U.S.C. § 2255 (Document # 461). Because the motion was Petitioner's first to be construed as a § 2255, under the guidelines established by <u>United States v. Emmanuel</u>, 288 F.3d 644 (4th Cir. 2002), the court informed Petitioner of the legal ramifications of such action. The court notified Petitioner that he had until February 1, 2005 to construe his November 8, 2004 motion as a § 2255 motion, and that he had until or around June 28, 2005 to file any motion pursuant to § 2255.

In addition to the court instructing Petitioner regarding § 2255 filings, the court construed Petitioner's Motion for Counsel as a request for counsel to represent Petitioner during collateral proceedings under § 2255. Due to Petitioner's failure to show that he was unable to represent himself in collateral proceedings, the court denied Petitioner's Motion for Counsel unless Petitioner could make such showing. Also, due to the vagueness and premature timing of Petitioner's Motion for Production of Papers, the court temporarily denied Petitioner's motion until the Petitioner could demonstrate his need for particular papers relevant to his case.[1]

In accordance with the court's order, Petitioner timely filed his current "Motion for Appointment of Counsel" and "Motion for the Production of Sentencing Hearing and Plea Hearing Transcripts, and Copy of Plea Agreement," and requested that these motions supercede any of his

---

[1]To the extent that Petitioner was requesting sentencing hearing and plea hearing transcripts, the court instructed defense counsel who handled Petitioner's appellate proceeding to deliver the materials to Petitioner if Petitioner was not already in possession of them (Document #461, footnote 4).

2

previous motions (Document 468).

Petitioner's filing reveals that he intends to collaterally attack his sentence pursuant to 28 U.S.C. § 2255, although he does not state his reasons for doing so. Despite Petitioner's failure to articulate reasons for pursuing a collateral attack on his sentence, the Court will construe Petitioner's motion as a § 2255 motion. However, pursuant to the Fourth Circuit's decision in Emmanuel, Petitioner may supplement his current motion in order to present legal issues in support of his § 2255 motion. Id. at 649. Therefore, Petitioner has sixty (60) days from the date of this Order to supplement his current motion.

**1. Motion for Appointment of Counsel**

Petitioner again moves the court for appointment of counsel in order to pursue his § 2255 motion. Petitioner's stated lack of knowledge of the English language is insufficient justification for appointment of counsel to assist in a collateral proceeding. Therefore, Petitioner's request for appointed counsel is **DENIED**.[2]

**2. Motion for the Production of Sentencing Hearing and Plea Hearing Transcripts, and Copy of Plea Agreement**

Petitioner's second motion requests production of sentencing hearing and plea hearing transcripts and a copy of his plea agreement. In the court's previous order, the court directed defense counsel who handled Petitioner's appellate proceeding to deliver the sentencing hearing and plea hearing transcripts to Petitioner because the transcripts were in counsel's possession for preparation

---

[2]In regard to the Forma Pauperis affidavit Petitioner filed with his motion, to the extent that it was filed in order to avoid filing fees for his motion, Petitioner is notified that filing fees are not required in filing motions collaterally attacking a conviction or sentence. Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 3, Advisory Committee Notes. To the extent that the affidavit was in support of his request for appointed counsel, the court's order denying appointed counsel is unaffected.

for the appellate proceeding.[3] If Petitioner still does not have these transcripts in his possession, defense counsel is again instructed to deliver the materials to Petitioner. To the extent that Petitioner is requesting transcripts that are not in defense counsel's possession, Petitioner is reminded that he must first present to the court the legal issues he intends to argue in support of his § 2255 motion.[4] Once Petitioner has presented these issues to the court, then the court can decide if production of the transcripts is necessary. Therefore, at this time, Petitioner's request for sentencing hearing and plea hearing transcripts is **DENIED**.

In regard to Petitioner's request for a copy of his plea agreement, he is notified that he does not have a plea agreement, because his guilty plea was entered and accepted as a straight up plea at his plea hearing before the Federal Magistrate Judge and was not made pursuant to a plea agreement with the government. (Document # 140). Therefore, Petitioner's request for a copy of his plea agreement is moot.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. The Clerk is directed to treat this motion as a motion to vacate, set aside, or correct sentence pursuant to § 2255 and to file a copy of this order within the civil case number assigned; and

2. The Clerk is directed to include a standard § 2255 petition when sending this order to Petitioner; and

3. Petitioner is notified that he has sixty (60) days from the date of this Order to supplement his current motion; and

---

[3] Supra, footnote 1.

[4] Document #461, footnote 4.

4. Petitioner's motion for appointment of counsel is **DENIED**; and

5. The Clerk is directed to notify defense counsel who handled Petitioner's appellate proceeding to deliver to Petitioner such plea hearing and sentencing hearing transcripts in counsel's possession that pertain to Petitioner's case; and

6. Petitioner's motion for production of sentencing hearing and plea hearing transcripts is **DENIED** unless Petitioner can demonstrate in his supplement that production of the transcripts is necessary for Petitioner's collateral proceeding.

**Signed: July 15, 2005**

Richard L. Voorhees
United States District Judge